IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ROBERT ADAMS,

    Petitioner,                      No. CIV S-05-1056 GEB DAD P

  vs.

A. KANE, Warden,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with an application to proceed in forma pauperis. Petitioner's in forma pauperis application makes the showing required by 28 U.S.C. § 1915 and will be granted.

        The district court must examine a habeas petition to determine whether the pleading complies with the rules that govern such cases and whether the respondent should be required to file a response. Rules 2 & 4, Fed. R. Governing § 2254 Cases in the District Courts. A federal habeas petition "must substantially follow" either the form appended to the Federal Rules Governing § 2254 Cases or a form prescribed by a local district-court rule. Rule 2(d), Fed. R. Governing § 2254 Cases in the District Courts. In the present case, petitioner has submitted his petition on a standard form but has not completed all parts of the form. On the form at pages

1

(5) and (6), petitioner has not alleged his grounds for relief and supporting facts but instead refers to an attached petition for writ of habeas corpus.

Petitioner's attachment begins with an introductory page that concludes with the assertion that "[t]his writ is supplied in the Standard Format as well as a Memorandum of Points and Authorities, Exhibits, and supporting Appendixes." (Pet., Attach. at 1.) Following the introductory page, petitioner provides a page headed "Statement of Facts," in which he attacks the victims "allegations" and the evidence offered at trial, and offers his own version of the events that led to his arrest and conviction. This statement of facts does not correspond to any section of the standard form.

Petitioner's statement of facts is followed by one page titled "Claims Presented" and two pages that commence with the heading "Grounds for Relief." The first of these lists appears to describe the claims raised in the California Supreme Court, information that should be entered in response to No. 9(e)(4) on page (3) of the standard form petition. The second list appears to contain the grounds for relief that should be entered on pages (5) and (6) of the standard form petition, along with supporting facts for each ground for relief. Petitioner's list of grounds for relief, without a summary of supporting facts, does not substantially follow the standard form.

Petitioner's lists are followed by a 23-page memorandum of points and authorities in which he presents argument concerning the eight grounds for relief listed on pages 5 and 6 of the attachment. Although petitioner cites transcript testimony, the memorandum does not include a brief summary of supporting facts for each ground for relief. The memorandum is followed by a one-page conclusion and a one-page prayer for relief. Petitioner's memorandum of points and authorities, conclusion, and prayer for relief offer permissible legal argument but do not provide the information omitted from the standard form.

Petitioner's attachment also includes two exhibits (copies of trial exhibit lists and medical records) and four appendices (an incomplete copy of the unpublished opinion of the

California Court of Appeal filed July 27, 2004[1]; a copy of a petition for writ of habeas corpus captioned for filing in the California Supreme Court; a copy of a California Supreme Court order filed October 27, 2004, denying review; and petitioner's application to proceed in forma pauperis.

Petitioner has not completed all parts of the standard form and has not supplied the missing information in the attachment. The petition filed on May 27, 2005, does not comply with Rule 2(d) of the Federal Rules Governing § 2254 Cases and must be amended. Petitioner shall submit his amended petition on a standard form and complete all parts of the form. If additional space is required in order to provide the information required on the standard form, petitioner may continue responses as necessary on pages that follow the same format as the form and are clearly linked to the form by page number or question number. Petitioner is required to allege his grounds for relief on the form and on continuation pages that follow the same format as the form. Petitioner must set out, on the form and continuation pages, a brief summary of supporting facts for each ground for relief.

Petitioner is advised that the form petition will constitute his federal petition for writ of habeas corpus. No cover page or other documents should be placed on top of the form, and attachments to the form should not be characterized or titled Petition for Writ of Habeas Corpus. Petitioner may submit a memorandum of points and authorities as well as exhibits and appendices, but the form petition must include all required information. The amended petition should not include a second application to proceed in forma pauperis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's May 27, 2005 application to proceed in forma pauperis is granted;

2. The petition for writ of habeas corpus filed May 27, 2005, is dismissed with leave to amend; and

---

[1] The copy includes only pages 1, 3, 5, and 7 of the opinion.

3. Petitioner is granted thirty days from the date of this order to file an amended petition on a standard form, in compliance with this order and Rule 2 of the Federal Rules Governing § 2254 Cases.

DATED: June 13, 2005.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
adam1056.115