IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ROBERT ADAMS,

    Petitioner,                   No. CIV S-05-1056 RRB DAD P

    vs.

A. KANE, Warden,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered by the Sacramento County Superior Court in 2003. In his first amended petition filed June 29, 2005, petitioner alleges eight grounds for relief. Respondent moved to dismiss the petition as a mixed petition containing both exhausted and unexhausted claims.

                              THE PARTIES' CONTENTIONS

        Respondent contends that the court should order petitioner to amend his petition to delete unexhausted claims and that restrictions should be imposed in accordance with <u>Rhines v. Weber</u> if petitioner returns to state court to attempt to exhaust his unexhausted claims

        In response to respondent's motion, petitioner filed a counter-motion to delete unexhausted claims and file a second amended petition. Petitioner concedes that his exhausted

1

1  claims are those that were presented to the California Court of Appeal and California Supreme
2  Court on direct appeal.  Petitioner's counter-motion was accompanied by a proposed second
3  amended petition alleging only the two grounds for relief exhausted on direct appeal.
4      In a partial opposition to petitioner's counter-motion, respondent argues that the
5  proposed second amended petition contains three claims, one of which is unexhausted.
6  Respondent concedes that the first ground for relief alleged in the second amended petition,
7  challenging jury instruction CALJIC No. 2.50, is an exhausted claim, but respondent cites a
8  section of petitioner's memorandum of points and authorities titled "Intent," in which petitioner
9  claims that he lacked the intent required for burglary.  Respondent moves to strike the claim of
10 lack of intent as unexhausted.  Respondent has no objection to the filing of the second amended
11 petition if the court strikes the unexhausted claim.
12     In his reply, petitioner opposes respondent's motion to strike.  Petitioner argues
13 that his proposed second amended petition contains only two claims and that the pivotal issue of
14 lack of intent cannot be divorced from the jury instruction claim and was exhausted in the
15 context of that claim.  Petitioner indicates that, if the court grants respondent's motion to strike
16 the issue as unexhausted, he will request that this case be held in abeyance so that he can exhaust
17 all unexhausted claims.
18                                ANALYSIS
19     Respondent's motion to dismiss with instructions to amend is unopposed, as is
20 petitioner's motion to delete unexhausted claims.  Petitioner's motion to submit his second
21 amended petition is unopposed except for the parties' disagreement as to the number of claims
22 alleged in the proposed pleading.
23     At the commencement of this action, the undersigned required petitioner to amend
24 his petition because the initial pleading did not substantially follow the form appended to the
25 Rules Governing § 2254 Cases or a form prescribed by local rule.  (Order filed June 14, 2005, at
26 1-2 (citing Rule 2(d), Fed. R. Governing § 2254 Cases in the District Courts).)  Petitioner was

1  instructed to file an amended petition on a standard habeas petition form and to complete all parts
2  of the form.  (Id. at 3.)  Petitioner was directed "to allege his grounds for relief on the form and
3  on continuation pages that follow the same format as the form" and to "set out, on the form and
4  continuation pages, a brief summary of supporting facts for each ground for relief."  (Id.)
5  Petitioner was advised that "the form petition will constitute his federal petition for writ of
6  habeas corpus."  (Id.)

       Petitioner's proposed second amended petition alleges two claims on the form petition:

> Ground one:  The Jury Instruction CALJIC 2.50 was unlawfully modified.
>
> Supporting FACTS (state *briefly* without citing cases or law)
> The Jury Instruction CALJIC 2.50 was unlawfully modified and incorrectly read into the record by the Court and as such violated Defendants Constitutional rights to a fair trial by jury as guarenteed [sic] by the United States Constitutions V & XIV Amendmnts [sic] and California Constitutional Article 1 § 15.
>
> Ground two:  Trial Counsel was ineffective because there was no objection by Counsel to the defect of the jury instructions.
>
> Supporting FACTS (state *briefly* without citing cases or law)
> Trial Counsel was ineffective because there was no objection by counsel to the defect of the Jury Instructions.  U.S. Constitution Amendment VI.

(Proposed Second Amended Pet. filed May 22, 2006, at 4.)  In accordance with the order filed on June 14, 2005, the undersigned finds that the two grounds for relief alleged on the form petition are the only claims properly alleged in petitioner's proposed second amended petition.

       In a memorandum of points and authorities attached to his proposed second amended petition, petitioner points to the trial court's description of CALJIC 2.50 as "concerning other crime evidence" and the use of such evidence to support the parties' positions concerning, among other things, existence of intent or lack of intent.  (Proposed Second Amended Pet. at 12.)  Petitioner's discussion of intent in relation to his jury instruction claim is mere argument concerning the lawfulness of the trial court's modification and erroneous reading of CALJIC

2.50. Petitioner's argument does not elevate the issue to the status of a separate ground for relief independent of the jury instruction claim. The undersigned finds that there is no third claim to strike as unexhausted.

District courts may hold an action in abeyance pending exhaustion of additional claims when there is good cause for the petitioner's failure to exhaust all of his claims in state court before filing a federal habeas petition, if the claims are potentially meritorious and the petitioner has not engaged in abusive litigation tactics or intentional delay. Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

Respondent is not opposed to an order holding these proceedings in abeyance, if restrictions are imposed in accordance with Rhines. It does not appear that petitioner has engaged in dilatory litigation tactics, and respondent has not asserted that the unexhausted claims are plainly meritless. Accordingly, the stay and abeyance procedure appears to be appropriate in this case. See 544 U.S. at 278 ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.")

IT IS HEREBY ORDERED that:

1. Respondent's April 26, 2006 motion to dismiss with leave to amend is granted;

2. Petitioner's May 22, 2006 motion to delete unexhausted claims and submit a second amended petition is granted;

3. The second amended petition submitted on May 22, 2006, has been filed and is the operative pleading;

4. Respondent's June 2, 2006 motion to strike is denied as unnecessary;

5. Petitioner is directed to present all of his unexhausted claims to the appropriate state court within thirty days after this order is served;

/////

6. This action is stayed, and the Clerk of the Court is directed to administratively close the case;

7. Petitioner shall file and serve a status report concerning his state exhaustion proceedings on the first court day of each month beginning on November 1, 2006; and

8. Petitioner shall file and serve a motion to lift the stay of this action within thirty days after he is served with the California Supreme Court's order disposing of his final state habeas petition exhausting unexhausted claims.

DATED: September 5, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
adam1056.mtd

5